Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Regina Y. Yeh, Esq. (SBN266019)
regina@donigerlawfirm.com
DONIGER / BURROUGHS APC
300 Corporate Pointe, Suite 355
Culver City, California 90230
Telephone: (310) 590-1820
Facsimile:  (310) 417-3538

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKIVA INTERNATIONAL, INC., a New York Corporation; et al.,<br><br>Defendants. | Case No.: CV09-5728 AHM (RCx)<br><u>The Honorable A. Howard Matz Presiding</u><br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pre-Trial Conference Date: September 20, 2010<br>Time: 11:00 a.m.<br>Courtroom: 14<br><br><u>Trial Date: October 5, 2010</u> |

## I. STATEMENT OF CLAIMS

Plaintiff filed the following claims in its operative complaint:

1. Copyright infringement
2. Vicarious/contributory copyright infringement

## II. ELEMENTS OF CLAIMS

The following elements are required to establish Plaintiff's claims:

1. <u>Copyright Infringement</u>

   a. Plaintiff is the owner of a valid copyright; and

   b. Defendants copied original elements from the copyrighted work.

*See* Ninth Circuit Manual of Model Jury Instructions: Civil § 17.4 (2007).

2. <u>Willful copyright infringement</u>

   a. Defendants engaged in acts that infringed the copyright; and

   b. Defendants knew that those acts infringed the copyright.

*See* Ninth Circuit Manual of Model Jury Instructions: Civil § 17.27 (2007).

3. <u>Vicarious copyright infringement</u>

   c. Defendants profited directly from the infringing activity of Skiva;

   d. Defendants had the right and ability to supervise the infringing activity of Skiva; and

   e. Defendants failed to exercise that right and ability.

*See* Ninth Circuit Manual of Model Jury Instructions: Civil § 17.20 (2007).

## III. DESCRIPTION OF THE CLAIMS

### A. **Plaintiff Will Prove Defendants' Liability for Copyright Infringement**

Plaintiff L.A. Printex Industries, Inc. ("LAP") pursues a finding of direct and vicarious copyright infringement as to Skiva International, Inc. ("Skiva"), Ross

Stores, Inc. ("Ross"), Rainbow USA, Inc. ("Rainbow"), Cititrends, Inc. ("Cititrends"), Factory 2-U Stores, Inc. ("Factory 2-U"), and The TJX Companies, Inc. ("TJX") (collectively, "Defendants"), and a finding of willfulness on the part of Skiva. LAP will clearly show that it is the valid owner of the four designs at issue ("the Subject Designs") and of lawful copyright registrations for said designs.

### 1. Plaintiff is the Owner of Registrations for the Designs

Plaintiff owns and has been duly registered copyright registrations for the five designs at issue: H80283, H80298, I90475, G70241, and E50151 (protected under Copyright Registrations VA 1-409-491, VA 1-409-489, VA 1-642-285, VA 1-400-627, and VA 1-359-233 respectively). Under 17 U.S.C. § 410(c), the registration certificates constitute ***prima facie*** evidence of the validity of the copyright and the facts stated on the certificate, including Plaintiff's ownership of the three designs. *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.,* 345 F.3d 1140, 1144-45 (9th Cir. 2003). This presumption is buttressed by the testimony of the artists responsible for the creation of those Subject Designs.

There is also no question that the Subject Designs are clearly protectable by copyright as a two-dimensional artwork. To so qualify for protection, a Plaintiff must show that "the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity." *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1076 (9th Cir. 2000), quoting *Feist Pub., Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 345 (1991). The source artwork was independently created and transferred to Plaintiff, who formatted it for use on textiles. It is clear that the design at issue is also possessive of the requisite creative content. As such, the Subject Designs are suitable for copyright protection and are the exclusive property of Plaintiff.

### 2. Defendants Infringed the Subject Designs by Accessing Said Designs and Creating Illegal Reproductions Thereof

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Plaintiff will also establish copying by proffering evidence of access and substantial similarity. Access can be shown by proving one or more of the Defendants had an "opportunity to view or copy" the Subject Designs. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 483 (9th Cir. 2000). Because an infringed party infrequently catches the infringer in the act, "[p]roof of access requires only an opportunity to view or to copy plaintiff's work." *Kamar International v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981).

Defendants are apparel companies operating in the same market as Plaintiff. Defendant Skiva was the vendor to Ross, Cititrends, TJX, Rainbow, and Factory 2-U Stores ("Retailer Defendants") for the garments bearing H80283 ("Subject Design A"), H80298 ("Subject Designs B"), and I90475 ("Subject Design C"), respectively. The garments bearing G70241 ("Subject Design D") and E50151 ("Subject Design E") were produced by other vendors but also sold by the above Retailer Defendants. Given the vast dissemination by Plaintiff of products bearing the Subject Designs, it is highly likely that Skiva and the other vendors had access to the Subject Designs, either in sample form or as printed on a finished garment offered for sale at a retail store. A reasonable opportunity to view the design has thus been established.

Even if Defendants were to dispute the above, access can also be properly inferred in cases where, as here, the infringing design is so similar to the designs at issue, that independent creation is impossible. *Three Boys Music Corp.*, 212 F.3d at 485. The more exact the reproduction, the less of a showing of access is necessary. Access need not be shown if Plaintiff's copyrighted work and the infringing work are "strikingly similar" *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987). As set forth more fully below, the designs are strikingly similar, and the record reflects no evidence of independent creation. Finally, with respect to Subject Designs A, B, and C, the production manager of Skiva has conceded that he had purchased garments bearing said designs from retail stores, and directed Skiva's design team to copy said

- 4 -

designs for their overseas manufacturers.

In addition to access, Plaintiff can show substantial similarity and copying. To make this showing, Plaintiff will advance evidence that the designs are so similar that it is improbable the allegedly infringing design was independently created, and more likely than not that the design is an illegal copy. After this showing, the burden shifts to the infringing party to show that the design at issue was independently created. *Three Boys Music Corp.*, 212 F.3d at 486. In comparing textile designs for infringement, if an "average lay observer would recognize the alleged copy as being appropriated from the copyrighted work," then the requisite similarity exists to establish infringement. *Novelty Textile Mills v. Joan Fabrics Corp.*, 558 F.2d 1090, 1093 n.4 (2d Cir. 1977). Such similarity clearly exists in regard to the designs at issue. Certain elements of the two designs are virtually identical, and the overall motif and total look and feel of the designs is substantially similar. In light of the above showings of access and substantial similarity, there is no question that Defendants are liable for copyright infringement.

### B.     Plaintiff Will Prove Willful Infringement with Respect to Skiva

Skiva has conceded that they accessed Subject Designs A, B, and C, or a near copy thereof, in the marketplace, by buying a garment bearing same, and then providing the garment bearing the Subject Designs overseas to be copied. Given the near-identical nature of the Infringing Garments in this case, the only conclusion a trier of fact could reach is that Skiva willfully copied Plaintiff's designs. This infringement was willful because the copying was done *with knowledge* that the design was protectable by copyright. This constitutes willful infringement.

"Willful" within the meaning of 17 U.S.C.S. § 504(c)(2) means "with knowledge that the defendant's conduct constitutes copyright infringement." *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1335 n.3 (9th Cir. 1990) (quoting *3*

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

*Nimmer on Copyright* § 1404[B], at 14-40.2-.3 (1989)), *cert. denied,* 498 U.S. 1109 (1991).  Willfulness may be proved by actual *or* constructive knowledge of infringement.  *Fitzgerald Publishing Co., Inc. v. Baylor Publishing Co., Inc.,* 807 F.2d 1110, 1115 (2d Cir. 1986).

    Skiva must be found liable for willful copyright infringement.  Its production manager, Ezra Chehebar, explained that in this case, he had purchased garments from at retail stores then "gives[s] it to [its] designer and she would create something based off that."  *See* Chehebar Dep. 16:13-25.[1]  For example, Skiva specifically admitted that, to the best of his recollection, Subject Design B was purchased from a retail store in Canada.  *Id.* at 29:10-16.[2]  Skiva then created a textile print based off of the Subject Design, and provided the design to its overseas mills in Egypt for eventual production.

### C. Plaintiff Will Prove Secondary Liability

    Defendants are also secondarily liable for copyright infringement.

    An action for vicarious liability lies when a defendant benefits financially from an infringement, has the ability to oversee the infringing conduct, and fails to exercise that ability.  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S. Ct. 2764, 2776 n.9 (2005).  Liability may be imposed on a party even if

---

[1] Chehebar Dep. 16:20-25:
    Q: Do you know if (Design H80283) was created by a Skiva International designer of it iwas purchased from any manufacturer?
    A: I could tell you the normal what would happen.  In this particular design I'm not sure exactly how it came about being designed.  I would purchase let's say a garment in the store from a retail store.  And I would then give it to my designer and she would create something based off that.  And she would show it to me and I would approve it or disapprove it.

[2] Chehebar Dep. 29:10:
    Q: So again…you don't know if anybody at Skiva International originally created (Design H80298) or you saw this at a retail store or anything like that?
    A: I believe I bought it at a retail store in Canada.  But I'm not sure.

said party was initially unaware that the conduct was infringing. *Id*. In this case, all Defendants benefitted financially by selling fabric or garments bearing the knock-off of the Subject Designs. Each of the Retailer Defendants had the ability to oversee Skiva's conduct; likewise, Skiva had the ability to oversee their overseas vendors' conduct; yet *all* of these parties failed to take any steps to remedy the infringing conduct. As such, vicarious liability should be found.

### D. Plaintiff Will Seek Its Actual Damages and Infringer's Profits

Plaintiff is entitled to its actual damages as well as the profits of the infringing parties. The owner of an infringed copyright is entitled to recover two types of damages: (1) the actual damages suffered by him or her as a result of the infringement, and (2) any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages. 17 U.S.C. § 504(b). Plaintiff has established that an award of LAP's damages, and Defendants' profits, is justified.

#### 1. Actual Damages

Plaintiff should recover the actual damages it suffered as a result of the infringement. 17 U.S.C. § 504(b). Here, Defendants purchased fabric bearing the infringing design from overseas suppliers and from Skiva. Had they purchased the fabric directly from Plaintiff, instead of violating Plaintiff's rights, Plaintiff would have realized substantial profits. The decision made by Defendants to purchase the fabric from overseas suppliers and from Skiva denied Plaintiff these rightful sales. In addition, Plaintiff lost additional profits from lost sales to third parties, and was stripped of the value of the market for the Subject Designs after expending significant resources to create, develop and market product bearing same. As such, Plaintiff is entitled to recover damages in the amount of its lost profits, and other actual damages, at time of trial.

### 2. Infringer's Profits

Plaintiff is also entitled to recover the profits of Defendants. In establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Where there is a commingling of gains, it is the burden of the copyright infringer to prove the separation of the profits and what portion of total profits is attributable to non-infringing elements. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 406 (1940). If infringed portions are so suffused and intertwined with non-infringing portions as to render an apportionment impossible no apportionment is appropriate. *Business Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 407 (2d Cir. 1989); *see also Belford v. Scribner*, 144 U.S. 488, 508 (1892).

Plaintiff will seek to disgorge all profits realized by Defendants through their respective sales of the fabric and garments at issue. Once Plaintiff presents proof "of the infringer's gross revenue," it has carried its burden; at which point "the infringer is required to prove . . . deductible expenses" and "what percentage of the infringer's profits" were not attributable to copying the infringed work. *Three Boys Music Corp.*, 212 F.3d at 487; 17 U.S.C. § 5-4(b).

In this Circuit, "[t]he rule is that one deducts from the gross sales price the costs that are directly attributable to the items in question. But general overhead, such as management, rent, telephones, designers, and the like are not to be deducted, since they are, by hypothesis, there whether the particular item is sold or not. Only if a particular "overhead" item can be specifically related to the goods in question can it be deducted. This is true even if overhead increases losses or decreases gains for the enterprise as a whole." *JBJ Fabrics, Inc. v. Mark Industries, Inc.,* 1987 U.S. Dist. LEXIS 13445, *15; 5 U.S.P.Q.2D (BNA) 1414; Copy. L. Rep. (CCH) P26, 233; See

Judge Posner's discussion in *Taylor v. Meirick*, 712 F.2d 1112 (7th Cir. 1983); 3 Nimmer on Copyright § 14.02 (1987); and Farnsworth, Contracts § 12.10 (1982). "The Ninth Circuit is in accord with this view." *JBJ Fabrics*, *supra*, citing *Kamar International, Inc. v. Russ Berrie & Co., Inc.*, 752 F.2d 1326, 1333 (9th Cir. 1984). LAP will seek to recover the totality of Defendant's revenues from sales of the infringing product, and interest thereupon.

### 3. Statutory Damages

As the owner of valid copyrights in the Subject Designs, Plaintiff may, in the alternative, seek statutory damages. 17 U.S.C. § 504(c)(1). Upon a showing of infringement, such damages are proper even without evidence of actual damages or defendants' profits. *Peer Int'l Corp.*, 909 F.2d 1332, 1337 (9th Cir.1990). In this case, Plaintiff may elect to seek statutory damages at time of trial.

### E.     **Plaintiff Is Entitled to Costs and Attorneys' Fees**

Plaintiff is also entitled to recover its fees and costs. Section 505 of the Copyright Act specifically authorizes an award of attorneys' fees to the prevailing party as part of the costs. 17 U.S.C. § 505. A number of factors are considered in assessing fees and costs, including: "(1) the degree of success of obtained, (2) frivolousness, (3) motivation, (4) the objective unreasonableness of the losing party's factual and legal arguments, and (5) the need, in particular circumstances, to advance considerations of compensation deterrence." *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 1211, 1229 (9th Cir. 1997), *cert. denied*, 523 U.S. 1021 (1998).

All of these factors militate in favor of an award of costs and attorneys' fees to Plaintiff. Plaintiff's motivation was positive in that it sought to protect its proprietary designs, while Defendants motivation was poor, in that it knowingly knocked-off the Subject Design, and then continued to sell product bearing same after receiving

notice of the infringement.  Further, these Defendants need a strong deterrent, given that they have exhibited a pattern and practice of infringement. Finally, a finding of willfulness is not required to justify an award of attorney's fees. *See Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 560 (9th Cir. 1997) (upholding award of $1.3 million in attorneys' fees to prevailing party).  Given that, at the very least, Defendants were reckless in their infringement, and have failed to take accountability for their infringement, or to cease and desist in same when called upon to do so, costs and attorneys' fees should be awarded.

### F.   Evidentiary Issues

Plaintiff does not contemplate any evidentiary issues.

### G.   Bifurcation

Plaintiff does not request bifurcation.

### H.   Jury Trial

Plaintiff has requested a jury trial.

### I.   Attorneys' Fees

As noted above, Plaintiff will seek reimbursement of the costs and fees it has incurred prosecuting this meritorious action for copyright infringement.

### J.   Abandonment of Issues

Plaintiff will not pursue its claim of contributory infringement, but will not abandon any other claims.

Respectfully submitted,

DONIGER / BURROUGHS APC

Date: September 13, 2010    By:   /s/ Stephen M. Doniger
                                  Stephen M. Doniger, Esq.
                                  Attorneys for Plaintiff